STATE of Minnesota, Appellant,

v.

Michelle Marie SMITH, et al., Respondents.

No. C2–02–204.

Court of Appeals of Minnesota.

Oct. 15, 2002.

Mike Hatch, Attorney General, Steven L. Schleicher, Assistant Attorney General, St. Paul, MN; and Douglas J. Christian, Le Sueur County Attorney, Le Center, MN, for appellant.

Richard L. Swanson, Thomas A. Volk, Attorneys at Law, Chaska, MN, for respondents.

Considered and decided by WILLIS, Presiding Judge, MINGE, Judge, and PARKER, Judge.*

## OPINION

MINGE, Judge.

In this appeal from a pretrial order suppressing evidence and dismissing charges of first- and fifth-degree controlled-substance crime, child endangerment, and driving without a license, the state argues that the district court erred in ruling that the statute prohibiting excessive automobile window tint, which was the basis for the stop, is unconstitutional. The state also argues that the exclusionary rule should not apply to evidence gathered incident to a stop based on a statute that is later determined to be unconstitutional and that the vehicle owner who was not present at the time of the stop has no standing to contest the stop and search. Because no police misconduct occurred that warrants applying the exclusionary rule for its deterrent effect, we reverse and remand without reaching the constitutional and standing issues.

## FACTS

On February 2, 2001, a Le Sueur County deputy stopped respondent Glen Lee Kohman for driving a car with an excessively tinted window. Minn.Stat. § 169.71, subd. 4 (2000). The deputy testified that the car caught his attention because he could not see through its rear window. After making the stop and checking respondent Kohman, the deputy arrested him for driving without a license and im-

pounded the car, which was owned by respondent Michelle Marie Smith. During an inventory search of the car, officers found methamphetamine and evidence of material used to manufacture methamphetamine. Officers secured a warrant to search the car more extensively and found more evidence of drug-manufacturing materials. Officers then secured a search warrant for respondents' house. This search revealed further evidence of drug manufacturing, and the officers learned that three minors lived with respondents. Respondents were charged with possession, manufacturing, and conspiracy to manufacture methamphetamine, as well as child endangerment. *See* Minn.Stat. § 152.025, subd. 2(1) (2000) (possession); Minn.Stat. § 152.021, subd. 2a (2000) (manufacturing); Minn.Stat. § 152.096, subd. 1 (2000) (conspiracy); Minn.Stat. § 609.378, subd. 1(b)(2) (2000) (endangerment). Kohman was also charged with driving without a license under Minn.Stat. § 171.24, subd. 5(1) (2000). Charges were not pressed under the tinted-window statute.

On July 17, the district court held a contested omnibus hearing to consider whether officers had probable cause to charge respondents. On October 30, the court ruled that the tinted-window statute violated the equal protection provision of the Minnesota Constitution by permitting people driving vans or pick-up trucks—but not cars—to drive with excessively tinted rear and side windows. *See* Minn.Stat. § 169.71, subd. 4(3) (2000). The court acknowledged that the officers' conduct "was reasonable, prudent and arguably lawful at the time of the stop and resulting arrest and searches." Nevertheless, the court

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. Art. VI, § 10.

held that, because the stop was based on an unconstitutional statute, all evidence discovered as a result must be suppressed. The court concluded that there was not sufficient evidence to establish probable cause for the arrest, for the warrants, and for the charges and dismissed all charges against respondents. The state moved for a rehearing, clarification, and reconsideration, which the court denied. This appeal followed.

## ISSUE

Does the exclusionary rule apply to evidence obtained incident to stopping a vehicle for violating an unconstitutional law when at the time of the stop there was no reason to believe the law might be unconstitutional and there is no allegation of improper conduct by the police?

## ANALYSIS

The state challenges the district court's decision that the tinted-window statute (Minn.Stat. § 169.71, subd 4 (2000)) violates the equal protection provision of the Minnesota Constitution. Because the exclusionary rule exists to deter police misconduct, and because no police misconduct of any kind occurred and no other special circumstances exist in this case, we reverse and remand without reaching the constitutional issue. In view of this determination, we do not address the state's argument that respondent Smith lacks standing to challenge the stop.

 When reviewing a pretrial suppression order, "we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing * * * the evidence." *State v. Harris*, 590 N.W.2d 90, 98 (Minn.1999) (citation omitted). If the state appeals pretrial suppression orders in felony cases, it "must 'clearly and unequivocally' show both that the trial court's order will have a

'critical impact' on the state's ability to prosecute the defendant successfully and that the order constituted error." *State v. Scott*, 584 N.W.2d 412, 416 (Minn.1998) (quotation omitted). Critical impact exists where suppressing the evidence destroys the state's case. *State v. Kim*, 398 N.W.2d 544, 551 (Minn.1987).

For purposes of this case, we assume, but do not decide, that the statute on excessively tinted automobile window glass violates the Minnesota equal protection provision. The question is whether the resulting search is impermissible under the exclusionary rule.

 The courts fashioned the exclusionary rule to deter unconscionable invasions of privacy by law enforcement officials. *State v. Conaway*, 319 N.W.2d 35, 41 (Minn.1982). If a stop of a person's vehicle is impermissible or unreasonable, the exclusionary rule may apply. *State v. Fiebke*, 554 N.W.2d 755, 757 (Minn.App. 1996). The court below correctly noted that the rule extends to derivative evidence that is the product of evidence acquired as an indirect result of the unlawful search. *Wong Sun v. United States*, 371 U.S. 471, 484–85, 83 S.Ct. 407, 415–16, 9 L.Ed.2d 441 (1963). It is a prudential rule, not constitutionally mandated, and thus it should be used only when its deterrent value outweighs its social costs. *State v. Martin*, 595 N.W.2d 214, 219 (Minn.App. 1999), *review denied* (Minn. Aug. 25, 1999); *cf. New York v. Quarles*, 467 U.S. 649, 654–56, 104 S.Ct. 2626, 2630–31, 81 L.Ed.2d 550 (1984) (holding that the Miranda warning, which is designed to protect a suspect's right against compulsory self-incrimination, is not constitutionally mandated and contains exceptions).

The United States Supreme Court considered the exclusionary rule in the context of an arrest based on a statute that

was later found unconstitutional in *Michigan v. DeFillippo*, 443 U.S. 31, 39–40, 99 S.Ct. 2627, 2633, 61 L.Ed.2d 343 (1979). In that case, police received a call that two intoxicated individuals were in an alley; when the officers arrived, they saw a man standing with a woman who was removing her pants. *Id.* at 33, 99 S.Ct. at 2630. A city ordinance permitted police to question an individual whose behavior gave reasonable cause to warrant further investigation of possible criminal acts, and the ordinance made it illegal for an individual not to identify oneself. *Id.* When the man accompanying the woman refused to identify himself, he was arrested, and the police found drugs on him. *Id.* at 34, 99 S.Ct. at 2630. Although the ordinance was later ruled unconstitutional, the Court held that the exclusionary rule is an inappropriate remedy when police discover evidence after an arrest based on a presumptively valid statute. *Id.* at 40, 99 S.Ct. at 2633.

The district court below distinguished *DeFillippo* because that case dealt with an *arrest* based on a statute that was later found unconstitutional, whereas this case dealt with a *stop* based on a statute that was later found unconstitutional. The court reasoned that, in *DeFillippo*, the officers would have had a reasonable articulable suspicion to *stop* the defendant despite the fact that the statute was later found unconstitutional. The court pointed out that the standard for a *stop* is lower than the standard for an *arrest*, and, absent the tinted-window statute in this case, the officer would have had no reason to stop Kohman. The court also reasoned that Minnesota has rejected the good-faith exception to the exclusionary rule and asserted that police misconduct is simply unconstitutional behavior by law enforcement officers. The district court's distinction between an arrest and a stop is immaterial in the context of a prudential rule such as the exclusionary rule.

■ We observe that the policy articulated in *DeFillippo* is equally applicable to the substantive statute that furnishes the basis for the stop in this case.

> Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality—with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws. Society would be ill-served if its police officers took it upon themselves to determine which laws are and which laws are not constitutionally entitled to enforcement.

*DeFillippo*, 443 U.S. at 38, 99 S.Ct. at 2632.

■ The exclusionary rule was designed to give practical reinforcement to the Fourth Amendment by deterring lawless conduct by government agents. *Weeks v. United States*, 232 U.S. 383, 392–94, 34 S.Ct. 341, 344–45, 58 L.Ed. 652 (1914). In the instant case, the legislature adopted the law on vehicle glass. Law enforcement officers played no role that brings the risk of their misconduct within the zone of the challenged legislation. In enacting the tinted-window statute, the legislature was not authorizing a warrantless evidence gathering dragnet or some invidious process that may infringe on the right to be free of unreasonable searches or offensive government conduct.

■ The exclusionary rule is not appropriate when (1) the conduct of the law enforcement officer was reasonable, prudent, and restrained and there is no hint of selective enforcement or discrimination; (2) the legislation in question did not authorize a warrantless search in the gathering of evidence; (3) all parties assumed the

statute was valid and enforceable at the time of the stop and the issuance of the warrant; (4) the officer had probable cause to make an arrest during that stop; and (5) the officer obtained a search warrant from a judicial officer. As a result, the evidence discovered following Kohman's stop and arrest should not have been suppressed.

## DECISION

The exclusionary rule does not apply to evidence obtained under the facts in this case. This court does not reach the questions of constitutionality or standing. The determination of the district court is reversed, and the case is remanded for further proceedings.